861 F.2d 1082
 129 L.R.R.M. (BNA) 3054, 110 Lab.Cas. P 10,861
 RAILWAY LABOR EXECUTIVES' ASSOCIATION, Petitioner,
v.
INTERSTATE COMMERCE COMMISSION and United States of America,
Respondents,
Chicago & North Western Transportation Company, Intervenor/Respondent,
FRVR Corporation, Intervenor.
 No. 88-1280.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 27, 1988.
Decided Nov. 21, 1988.
 
 John O'B. Clarke, Jr. and Richard S. Edelman, Washington, D.C., for petitioner.
 Clyde S. Hart, Jr. and Ralph J. Moore, Jr., intervenor, Washington, D.C., for intervenor/respondent.
 Before HEANEY, ARNOLD and FAGG, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 This matter is before the Court on the petition of the Railway Labor Executives' Association to review an order of the Interstate Commerce Commission. In a 3-2 decision, the Commission granted the request of the Chicago & NorthWestern Transportation Company and Fox River Valley Railroad Company for a "clarification" of its jurisdiction. The Commission held that the Norris-LaGuardia Act and the Railway Labor Act must be accommodated to the authority of the Commission under section 10901 of the Interstate Commerce Act, 5 U.S.C. Sec. 551, et seq. FRVR Corporation--Exemption, Acquisition and Operation--Certain Lines of Chicago and North Western Transportation Company--Petition for Clarification, Finance Docket No. 31205 (January 29, 1988). The association contends that the Commission was without authority to issue the decision and that, in any event, its decision was wrong.
 
 
 2
 On May 31, 1988, this Court issued an opinion in which we held that, while the Railway Labor Act must be accommodated to the Commission's "authority to supervise and implement labor protective conditions in terms of sales, acquisitions, and abandonments by railway carriers insofar as this authority is necessary to 'assure fair wages and working conditions,' " there is "no inherent incompatibility" between the recent deregulatory efforts of Congress and the ICC and the continued viability of the Norris-LaGuardia Act. Thus, we declined to enjoin the United Transportation Union from instituting a strike against the Burlington Northern Railroad Company. Burlington Northern R.R., Co. v. United Transportation Union, 848 F.2d 856, 864 (8th Cir.), reh'g denied (September 23, 1988, as amended).
 
 
 3
 We hold that it is for this Court, not the Commission, to decide whether the Railway Labor Act and the Norris-LaGuardia Act must be accommodated to the authority of the Commission under section 10901 of the Interstate Commerce Act, and we adhere to our decision on these questions in Burlington Northern.
 
 
 4
 FAGG, Circuit Judge, concurring and dissenting.
 
 
 5
 I agree this court, not the Commission, must ultimately decide to what extent the statutes implicated in this case are to be accommodated to one another. In a related context the court held the Interstate Commerce Act overrides the Railway Labor Act but not the Norris-LaGuardia Act. See Burlington N. R.R. v. United Transp. Union, 848 F.2d 856, 862-64 (8th Cir.1988). Insofar as the court now "adhere[s] to [its] decision on these questions in Burlington Northern," ante at 1083, I adhere to my dissent, see Burlington N. R.R., 848 F.2d at 864-66 (Fagg, J., dissenting).